UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HITHAM ABUHOURAN,<br><br>        Plaintiff,<br><br>  v.<br><br>KAISERKANE, INC., et al.,<br><br>        Defendants. | Civil No. 10-6609 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

Hitham Abuhouran
No. 18939-050
FPC Schuylkill
P.O. Box 670
Minersville, Pennsylvania 17954
    *Pro Se*

Robert L Ritter, Esquire
Schiffman, Berger, Abraham, Kaufman & Ritter, P.C.
Three University Plaza
P.O. Box 568
Hackensack, New Jersey 07602
    *Attorney for Defendants KaiserKane, Inc. and KaiserKane*

Richard C. Wischusen, Esquire
Reilly, Supple & Wischusen, LLC
Murray Hill Office Center
571 Central Avenue
New Providence, New Jersey 07974
    *Attorney for Defendants Briggs Contracting Services, Inc.*
    *and Rod Richardson*

Paul Joseph Smyth, Esquire
Sean X. Kelly, Esquire
Sebastian A. Goldstein, Esquire
Marks, O'Neill, O'Brien & Courtney PC
6981 North Park Drive
Suite 300
Pennsauken, New Jersey 08109
    *Attorneys for Defendants North American Roofing*
    *and David Donaldson*

Eric A. Portuguese, Esquire
Aaron Brouk, Esquire
Lester, Schwab, Katz & Dwyer
24 Lackawanna Plaza
Millburn, New Jersey 07041
    *Attorneys for Defendant American Safety Indemnity Company*

David A. Laughlin
Birdsall & Laughlin, LLC
1720 Highway 34 North
P.O. Box 1380
Wall, New Jersey 07719
    *Attorney for Defendant Companion Property & Casualty Insurance*

**HILLMAN, District Judge**

    Presently before the Court are several motions by Defendants seeking summary judgment and dismissal of Plaintiff's complaint. Defendants North American Roofing and David Donaldson have filed a motion [Doc. No. 37] for summary judgment, in which Defendant KaiserKane, Inc. joins. Defendants American Safety Indemnity Company and Companion Property and Casualty Insurance have filed respective motions [Doc. Nos. 38, 39] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants Briggs Contracting Services, Inc. and Ron Richardson have filed a cross-motion [Doc. No. 67] for summary judgment. Also before the Court are Plaintiff's motion [Doc. No. 50] for entry of default and two motions [Doc. Nos. 54, 57] for extensions of time to file a sur-reply in opposition to the summary judgment motion filed by North American Roofing. The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, the pending motions [Doc. Nos. 37, 38, 39, 50, 54, 57, 67] are denied without prejudice.

## I. JURISDICTION

Plaintiff alleges that the Court has subject matter jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because he asserts a claim arising from violations of the Clean Air Act, 42 U.S.C. § 7401 et seq. (Pl.'s Compl. [Doc. No. 1] 2.)  Plaintiff also contends that the Court has jurisdiction over his state law claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  (Id.)  Finally, Plaintiff seeks to invoke the Court's supplemental jurisdiction over his pendent state law claims pursuant to 28 U.S.C. § 1367.  (Id.)

## II. BACKGROUND

### A. Plaintiff's Complaint

Plaintiff, currently an inmate at the Federal Correctional Camp at Schuylkill ("FCC-Schuylkill"), generally alleges that during his previous confinement at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix") he was exposed to asbestos because Defendants violated various state and federal laws in conducting a re-roofing and asbestos abatement project on several buildings at FCI-Fort Dix.  (Pl.'s Compl. ¶¶ 1-39.)  Plaintiff brings his claims against the following Defendants: (1) KaiserKane, Inc. and KaiserKane ("KaiserKane"),

the general contractor for the re-roofing project; (2) Briggs Contracting Services, Inc. ("Briggs"), the subcontractor on the project which conducted the asbestos abatement at FCI-Fort Dix; (3) Rod Richardson ("Richardson"), the project manager for Briggs; (4) North American Roofing ("NAR"), the subcontractor on the project which performed the re-roofing work; (5) David Donaldson ("Donaldson"), an officer of NAR; (6) American Safety Indemnity Company[1] ("American Safety"), an insurance company listed on an insurance binder for KaiserKane; and (7) Companion Property and Casualty Insurance[2] ("Companion").  (Id. ¶¶ 2-9.)  Based on a series of alleged violations committed by Defendants during the re-roofing and asbestos abatement project, Plaintiff asserts the following four counts: (1) Count One - Gross Negligence; (2) Count Two - Common Law Fraud; (3) Count Three - Violations of the Clean Air Act; and (4) Count Four - Negligence.

---

1.  Plaintiff misidentified this Defendant in the complaint as "American Safety."  (Pl.'s Compl. ¶ 8.)

2.  The Court notes that Companion's name only appears in the caption of Plaintiff's complaint and not in the body of the complaint. (See generally Pl.'s Compl.)  However, in paragraph nine, Plaintiff refers to "Defendant American Property and Casualty" and notes that this entity is being sued in its capacity as an insurer for Defendants.  (Pl.'s Compl. ¶ 9.)  It appears logical that Plaintiff may have misidentified the entity in paragraph nine as "American" Property and Casualty, rather than "Companion" Property and Casualty, since the preceding paragraph refers to Defendant American Safety.  Here, the Court assumes that paragraph nine should have named Companion as a Defendant.  This assumption does not alter the Court's determination set forth infra regarding subject matter jurisdiction.

(Id. ¶¶ 39-48.)

Plaintiff originally filed his complaint in the United States District Court for the Middle District of Pennsylvania ("the Middle District") on November 3, 2010. By Order dated December 20, 2010, the Honorable A. Richard Caputo, United States District Judge for the Middle District of Pennsylvania, adopted the November 29, 2010 Report and Recommendation of the Honorable Thomas M. Blewitt, United States Magistrate Judge for the Middle District of Pennsylvania, recommending that Plaintiff's case be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404. (Order [Doc. No. 15] 1, Dec. 20, 2010.) The November 29, 2010 Report and Recommendation adopted by the Middle District found that Plaintiff failed to meet "his burden of proving [that] diversity of citizenship exists in this case" because Plaintiff failed to allege his own citizenship, or that of Defendants. (Report and Recommendation [Doc. No. 9] 6, 10-11, Nov. 29, 2010.) The Middle District recognized that it did not appear from the complaint that the "citizenship of all Defendants [was] diverse from that of Plaintiff[.]"[3] (Id.) With respect to Plaintiff's claim under the Clear Air Act, the Middle District recommended that the issue of whether "Plaintiff properly allege[d] a

---

3. The Middle District, in deciding whether to transfer the case, alternatively found that even if diversity of citizenship existed, a transfer was appropriate since the District of New Jersey was a more convenient forum. (Id. at 7.)

violation of the Clean Air Act which is necessary for jurisdiction over his action in federal court" be determined by the District of New Jersey as the transferee court.[4]  (Id. at 8 n.3.)

### B.   Pending Motions

#### (1) Motions to Dismiss Pursuant to Rule 12(b)(6)

Both Defendants American Safety and Companion ("the Insurance Company Defendants") move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The Insurance Company Defendants essentially argue that Plaintiff's complaint fails to make any specific factual allegations against either of these Defendants regarding the asbestos abatement project and Plaintiff's alleged exposure to asbestos.  (Mem. of Law of Def. American Safety Indemnity Co. in Supp. of Dismissal of the Compl. Under Rule 12(b)(6) [Doc. No. 38-2] (hereinafter, "American Safety's Mot. to Dismiss"), 1-2;

---

4.  The Middle District cited Goodman v. PA D.E.P., No. 07-4779, 2008 WL 2682698, at *1 (E.D. Pa. Jun. 30, 2008), for the proposition that "'individuals can sue in federal court regarding violations of the Clean Air Act's emission standards. ... These individuals must then ultimately prove which and how the Clean Air Act's emission standards were violated.'" (Report and Recommendation [Doc. No. 9] 8, Nov. 29, 2010.)  In leaving the determination of whether Plaintiff sufficiently alleged a claim under the Clean Air Act to this Court, the Middle District declined to conduct an in-depth analysis of Goodman or of Plaintiff's Clean Air Act allegations.  For the reasons set forth infra, Goodman is not determinative of the outcome of Plaintiff's claim under the Clean Air Act which seeks monetary damages.

Br. of Def. Companion Property & Casualty Insurance Co. in Supp. of Its 12(b)(6) Mot. to Dismiss the Compl. with Prejudice [Doc. No. 39-1] (hereinafter, "Companion's Mot. to Dismiss"), 3-4.) The Insurance Company Defendants also argue that Plaintiff's claims against them fail under New Jersey law because a personal injury plaintiff lacks standing to bring a direct action against his tortfeasor's liability insurer until the plaintiff has obtained a judgment against the insured.  (American Safety's Mot. to Dismiss 2-3; Companion's Mot. to Dismiss 6-8.)

### (2) Motions for Summary Judgment

Defendants NAR and Donaldson filed a motion for summary judgment on May 2, 2011.  (Mot. for Summ. J. by David Donaldson and North American Roofing [Doc. No. 37].)  By letter dated May 20, 2011, KaiserKane advised the Court that KaiserKane joined the summary judgment motion filed by NAR and "adopt[ed] all of its arguments."[5]  (Letter from Robert Ritter, Esq. [Doc No. 43] 1, May 20, 2011.)  While NAR's summary judgment motion was pending, Defendants Briggs and Richardson filed a cross-motion for summary judgment on September 14, 2011.  (Cross Mot. for Summ. J. by Briggs Contracting services, Inc. and Rod Richardson [Doc. No. 67] (hereinafter, "Briggs' summary judgment motion")).  Plaintiff filed opposition [Doc. No. 44] to the original summary judgment

---

5.  For purposes of this opinion, the Court will refer to the motion for summary judgment filed by NAR and Donaldson, and joined by KaiserKane as "NAR's summary judgment motion."

7

motion by NAR, and subsequently filed a second opposition [Doc. No. 58] after KaiserKane joined in the motion.  Plaintiff also filed opposition [Doc. No. 71] to Briggs' summary judgment motion.

Defendants NAR, Donaldson, KaiserKane, Briggs, and Richardson ("the Contractor Defendants") seek summary judgment in their favor and the dismissal of Plaintiff's complaint with prejudice.  (NAR's Proposed Order [Doc. No. 37-3] 1; Briggs' Proposed Order [Doc. No. 67-5] 1.)  In moving for summary judgment, the Contractor Defendants essentially argue that Plaintiff cannot maintain causes of action for gross negligence, common law fraud, violations of the Clean Air Act, and negligence.  (Br. in Supp. of the NAR's Summ. J. Mot. [Doc. No. 37-1] (hereinafter, "NAR's Summ. J. Mot.") 3-8; Br. in Supp. of Defs.' Briggs Contracting Services and Rod Richardson's Cross Mot. for Summ. J. [Doc. No. 67-1] (hereinafter, "Briggs' Summ. J. Mot."), 3-8.)  Specifically, the Contractor Defendants contend that they are entitled to summary judgment on: (1) the cause of action for gross negligence because their conduct was not flagrant and did not grossly deviate from the ordinary standard of care, (NAR's Summ. J. Mot. 3-4; Briggs' Summ. J. Mot. 3-5); (2) the cause of action for common law fraud because the Contractor Defendants did not make any misrepresentations of fact to Plaintiff regarding asbestos removal and Plaintiff cannot

8

demonstrate the required elements of this claim, (NAR's Summ. J. Mot. 4-5; Briggs' Summ. J. Mot. 5-6); (3) the cause of action for damages under the Clear Air Act because Plaintiff failed to provide notice of any alleged violations to the Contractor Defendants, (NAR's Summ. J. Mot. 5-8; Briggs' Summ. J. Mot. 6-8); and (4) the cause of action for negligence because the Contractor Defendants did not owe a duty to Plaintiff, and even if they did, that duty was not breached.  (NAR's Summ. J. Mot. 8; Briggs' Summ. J. Mot. 3-5.)

Despite the multiple arguments presented in the pending motions to dismiss and for summary judgment, neither the Insurance Company Defendants nor the Contractor Defendants challenge the exercise of jurisdiction over Plaintiff's claims by this Court, an issue which was initially raised by the Middle District.[6]

### III. **DISCUSSION**

As the Third Circuit has held, "[f]ederal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to

---

6.  The Middle District left to this Court the determination of whether Plaintiff alleged a claim under the Clean Air Act sufficient to provide a basis for federal question jurisdiction under 28 U.S.C. § 1331.  (Report and Recommendation [Doc. No. 9] 8 n.3, Nov. 29, 2010.)  Moreover, the Middle District previously determined that Plaintiff failed to meet his burden to demonstrate that diversity of citizenship pursuant to 28 U.S.C. § 1332 exists in this action.  (Id. at 6, 10-11.)

resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)). Accordingly, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). Therefore, although the parties have not specifically raised the issue of the Court's subject matter jurisdiction at this time, the Court must determine as a threshold matter whether the exercise of jurisdiction is proper in this case before ruling on the merits of the pending motions. In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011) (noting courts must "'determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (citation omitted).

**IV.  ANALYSIS**

To determine whether federal question jurisdiction exists in this case, the Court must review Count Three of Plaintiff's complaint which purportedly raises a claim under the Clean Air Act, 42 U.S.C. § 7401 et seq.

10

As explained by the Third Circuit, "Section 7604 [of the Clean Air Act] permits citizens to commence civil suits in the district court against persons who violate either emission standards or limitations promulgated under various sections of the Act or orders issued by the EPA or a state concerning those standards or limitations."  Delaware Valley Citizens Council for Clean Air v. Davis, 932 F.2d 256, 264 (3d Cir. 1991).  Thus, so called "citizen suits" which seek enforcement of emissions standards or limitations promulgated under the Clean Air Act are permissible and confer federal question jurisdiction in the district courts.  However, as multiple federal courts have recognized, the Clean Air Act does not authorize a private cause of action for compensatory damages for alleged violations of the Act, and thus federal question jurisdiction does not exists for such claims.  See, e.g., Powell v. Lennon, 914 F.2d 1459, 1462 n.7 (11th Cir. 1990) (recognizing "there is not any private right of action under the Clean Air Act" in circumstances where the plaintiff, a federal prisoner, sought monetary relief based on allegations that he was exposed to asbestos in a federal prison which caused respiratory problems); Balazinski v. Webster Lines, No. 07-2121, 2009 WL 799285, at *3 n.3 (D.N.J. Mar. 25, 2009) (noting that "the plaintiffs are barred from bringing a private cause of action to recover damages for personal injuries under the Clean Air Act"); Torres Maysonet v. Drillex, S.E., 229 F.

Supp. 2d 105, 109 (D.P.R. 2002) (concluding that the court lacked "subject matter jurisdiction to entertain a damages claim under" the Clean Air Act because "the citizen suit provision[] of the Clean Air Act ... simply provide[ed] for injunctive remedies"); Satterfield v. J.M. Huber Corp., 888 F. Supp. 1567, 1571 (N.D. Ga. 1995) (granting summary judgment for defendant on negligence *per se* claims based on finding that both "the federal and Georgia Clean Air Acts do not provide for an action for private recovery."); Bowling v. United States, 93 Fed. Cl. 551, 559-60 (Fed. Cl. 2010) (finding that the Clean Air Act "allows any person to bring suit for the enforcement of emissions standards or limitations ... including those that relate to asbestos" but does not provide "a private right of action for personal injury claims" and thus cannot serve as a jurisdictional basis for personal injury claims in the district courts).[7]

In Count Three, Plaintiff specifically asserts that the "acts and omission of the defendants in violating the ... Clean

---

7. See also Abarca v. Chevron U.S.A., Inc., 75 F. Supp. 2d 566, 571 (E.D. Tex. 1999) ("[N]one of these statutes [including the Clean Air Act] provides for a private cause of action for compensatory damages. While each provides a cause of action for enforcement of the regulations, such provisions are insufficient to confer federal-question jurisdiction."); Gutierrez v. Mobil Oil Corp., 798 F. Supp. 1280, 1285 (W.D. Tex. 1992) ("Clean Air Act does not provide similar or comparable remedies to those sought by plaintiffs in common law actions for damages"); Adams v. Republic Steel Corp., 621 F. Supp. 370, 376 (W.D. Tenn. 1985) ("[A]ctions seeking compensatory damages under the Clean Air Act do not state a claim for which federal question jurisdiction exists.")

Air Act ... constitute a crime and a breach of fiduciary duty to maintain[] [a] clean environment and [to] be free from toxic exposure by asbestos." (Pl.'s Compl. ¶ 45.) Plaintiff further contends that "[a]s a result of these violations, [he] suffered and will continue to suffer respiratory problems and lung disease from being exposed to asbestos abatement" by Defendants. (Id. ¶ 46.) According to Plaintiff, these "violations were the proximate cause of [his] injuries, medical expenses, [and the need] medical monit[o]ring for the remainder of his life." (Id.) Thus, Plaintiff seeks a judgment against Defendants "awarding plaintiff all damages for medical care, and future medical monit[o]ring which were caused by" Defendants' alleged violations of the Act. (Pl.'s Compl. 11, Wherefore clause.) Plaintiff seeks "punitive damages, pre and post-judgment interest, cost[s] of suit, legal fees, and ... other future relief ... in the amount of $10,000,000." (Id.)

 Based on the specific allegations of Count Three, it is clear that Plaintiff brings this claim as a private action seeking compensatory and punitive damages for injuries allegedly caused by Defendants' asbestos abatement procedures which purportedly violated the Clean Air Act. Plaintiff is not bringing this claim as a citizen suit to seek enforcement of emission standards or limitations under the Clean Air Act. Accordingly, the Court finds that Count Three of Plaintiff's

13

complaint impermissibly seeks compensatory and punitive damages under the Clean Air Act and thus fails to state a claim for which federal question jurisdiction exists.  See Adams, 621 F. Supp. at 376.  Therefore, Count Three of Plaintiff's complaint is dismissed with prejudice as permitting amendment would be futile.[8]

Although there is no federal question jurisdiction in this case, Plaintiff also asserts that the Court can exercise jurisdiction over Plaintiff's remaining state law claims for negligence, gross negligence, and common law fraud under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Because Plaintiff is proceeding pro se in this action, the Court construes the complaint liberally.  Huertas v. Galaxy Asset

---

8.  The Court notes that the remaining counts of Plaintiff's complaint assert state law claims for negligence, gross negligence, and common law fraud.  (Pl.'s Compl. ¶¶ 39-43, 47-48.)  Having determined that federal question jurisdiction is lacking in this case, the Court need not address Plaintiff's request that the Court invoke supplemental jurisdiction over these state law claims.  However, even if the dismissal of Count Three could be construed as an exercise of the Court's jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), the Court would decline to exercise supplemental jurisdiction over any state law claims raised in Plaintiff's complaint because considerations of judicial economy, convenience, and fairness would not affirmatively justify such an exercise.  See Oras v. City of Jersey City, 328 F. App'x 772, 775 (3d Cir. 2009) (noting that "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (citing Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000)) (internal quotations omitted) (emphasis in original).

Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Even though Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers, see Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), Plaintiff, "as the party asserting federal jurisdiction, 'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" Gay v. Unipack, Inc., No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted).

As the Middle District previously recognized, the Court finds that Plaintiff has failed to meet his burden to demonstrate that diversity of citizenship exists here. It is clear from the face of the complaint that Plaintiff does not sufficiently allege either his own citizenship, or that of Defendants. As to his own citizenship, Plaintiff merely alleges that he is currently a federal prisoner at FCC-Schuylkill in Minersville, Pennsylvania and that he was previously a federal prisoner at FCI-Fort Dix in Fort Dix, New Jersey. (Pl.'s Compl. ¶ 1.) However, such allegations of are insufficient to allege Plaintiff's citizenship. For purposes of diversity jurisdiction, a prisoner's citizenship is not based on his state of incarceration, but rather is based on the prisoner's "domicile ... before his imprisonment [which] presumptively remains his

domicile during his imprisonment." Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010). A prisoner may rebut this presumption "by showing a *bona fide* intent to remain in the state of incarceration on release." Id. Plaintiff's complaint does not allege either his domicile prior to his incarceration, or a bona fide intent to remain in the state where he is incarcerated after he is released. Thus, Plaintiff fails to properly allege his own citizenship.

With respect to the citizenship of Defendants, Plaintiff's complaint is similarly defective. As to Defendants Donaldson and Richardson, Plaintiff fails to set forth the citizenship of these individual Defendants. (See Pl.'s Compl. ¶¶ 5, 7.) As to KaiserKane, Briggs, and NAR, Plaintiff merely alleges either where these Defendants are located or where they have their principal place of business. (See Pl.'s Compl. ¶¶ 2-3, 4, 6.) With respect to American Safety and Companion, Plaintiff makes absolutely no allegations of the citizenship of these Defendants. For purposes of diversity jurisdiction, "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008) (citing 28 U.S.C. § 13329(c)). By comparison, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir.

2010). Accordingly, to the extent certain Defendants[9] are corporations, Plaintiff's complaint fails to properly allege both the state of incorporation **and** the principal place of business for each such Defendant. Moreover, to the extent certain Defendants may be organized as limited liability companies, Plaintiff's complaint fails to allege the citizenship of each member of the LLC.[10]

As a result of these failures, Plaintiff's complaint is essentially silent as to the citizenship of the parties, and at this time, the complaint is subject to dismissal for lack of jurisdiction. See Gay, 2011 WL 5025116, at *5. However, because Plaintiff is appearing pro se in this action and because Plaintiff may be able to allege facts sufficient to demonstrate that this Court has subject matter jurisdiction to entertain his state law claims under diversity of citizenship jurisdiction, the Court will order Plaintiff to show cause why Counts One, Two, and

---

9. Plaintiff alleges that KaiserKane and Briggs are corporations. (Pl.'s Compl. ¶¶ 2, 4.) However, as to NAR, American Safety, and Companion, the business entity status of these Defendants is not alleged.

10. Moreover, if a member of the LLC is also an LLC or a corporation, then each member of the LLC must be identified and its citizenship plead, and for any such member that is a corporation, the state of incorporation and the principal place of business must be identified and plead. See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

Four of his complaint should not be dismissed for lack of subject matter jurisdiction by filing an amended complaint in this action within thirty days of the date of this Opinion.

In light of the Court's findings <u>supra</u> that jurisdiction is lacking at this time, the pending motions cannot be determined on the merits and therefore are denied without prejudice.

**V.   CONCLUSION**

For the foregoing reasons, Count Three of Plaintiff's complaint alleging a claim under the Clean Air Act is dismissed with prejudice, and the pending motions [Doc. Nos. 37, 38, 39, 50, 54, 57, 67] are denied without prejudice for lack of subject matter jurisdiction.  An Order and an Order to Show Cause consistent with this Opinion will be entered.


Dated: December 19, 2011           /s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

18