## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HITHAM ABUHOURAN,

           Plaintiff,

   v.

KAISERKANE, INC., et al.,

           Defendants.

Civil No. 10-6609 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Hitham Abuhouran
No. 18939-050
FPC Schuylkill
P.O. Box 670
Minersville, Pennsylvania 17954
    *Pro Se*

Robert L Ritter, Esquire
Schiffman, Berger, Abraham, Kaufman & Ritter, P.C.
Three University Plaza
P.O. Box 568
Hackensack, New Jersey 07602
    *Attorney for Defendants KaiserKane, Inc. and KaiserKane*

Paul Joseph Smyth, Esquire
Sean X. Kelly, Esquire
Sebastian A. Goldstein, Esquire
Marks, O'Neill, O'Brien & Courtney PC
6981 North Park Drive
Suite 300
Pennsauken, New Jersey 08109
    *Attorneys for Defendants North American Roofing and David Donaldson*

**HILLMAN, District Judge**

This motion comes before the Court by way of Defendants North American Roofing's ("NAR") and David Donaldson's motion [Doc. No. 82] seeking dismissal of Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join an indispensable party pursuant to Rule 19, in which Defendant KaiserKane, Inc. ("KaiserKane") joins.[1]  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendants' motion to dismiss is granted.

I.    **JURISDICTION**

The Court exercises subject matter jurisdiction over this action asserting New Jersey state law claims based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000 pursuant to 28 U.S.C. § 1332. (See Pl.'s Second Am. Compl. [Doc. No. 78] 1-3, 9-11.)

_____

1.  Defendant KaiserKane indicated that it was joining Defendants NAR and Donaldson's motion to dismiss the second amended complaint for failure to join an indispensable party by way of a supplemental affidavit of Robert L. Ritter, Esquire, counsel for KaiserKane filed in support of KaiserKane's motion for summary judgment [Doc. No. 83] against Defendants NAR and Donaldson. (See Supplemental Aff. of Robert L. Ritter, Esq. in Further Supp. of KaiserKane's Mot. for Summ. J. Against North American Roofing [Doc. No. 91] ¶ 7.)

2

## II.   BACKGROUND

### A. Plaintiff's Second Amended Complaint

Plaintiff, formerly an inmate at the Federal Correctional Camp at Schuylkill ("FCC-Schuylkill"),[2] generally alleges that while previously incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI-Fort Dix"), he was exposed to asbestos when Defendants performed a re-roofing and asbestos abatement project on building 5703 at FCI-Fort Dix. (Pl.'s Second Am. Compl. ¶ 1.)  Plaintiff names the following Defendants in the second amended complaint: (1) KaiserKane, the general contractor for the re-roofing project; (2) NAR, the subcontractor on the project which KaiserKane hired to perform the re-roofing and asbestos abatement work; and (3) David Donaldson ("Donaldson"), an officer of NAR.[3]  Based on a number of alleged violations committed by Defendants during the re-roofing and asbestos abatement project, Plaintiff asserts the following three counts against all Defendants: (1) Count One - Gross Negligence; (2) Count Two - Common Law Fraud; (3) Count

---

2.  Plaintiff was released from prison on approximately April 3, 2012.  (Pl.'s Second Am. Compl. 2.)

3.  In Plaintiff's original complaint he also named as Defendants: (1) Briggs Contracting Services, Inc., the sub-subcontractor on the project, hired by NAR, which conducted the asbestos abatement at FCI-Fort Dix; (2) Rod Richardson, the project manager for Briggs; (3) American Safety Indemnity Company, an insurance company listed on an insurance binder for KaiserKane; and (4) Companion Property and Casualty Insurance.

Three - Negligence.  (Id. ¶¶ 35-41.)

   **B.   Procedural Background**

   As the Court previously set forth in its December 19, 2011
Opinion, Plaintiff filed his original complaint in the United
States District Court for the Middle District of Pennsylvania
("the Middle District") on November 3, 2010.  By Order dated
December 20, 2010, the Honorable A. Richard Caputo, United States
District Judge, adopted the November 29, 2010 Report and
Recommendation of the Honorable Thomas M. Blewitt, United States
Magistrate Judge, recommending that Plaintiff's case be
transferred to the District of New Jersey pursuant to 28 U.S.C. §
1404.  (Order [Doc. No. 15] 1, Dec. 20, 2010.)  The November 29,
2010 Report and Recommendation adopted by the Middle District
found that Plaintiff failed to meet "his burden of proving [that]
diversity of citizenship exists in this case" because Plaintiff
failed to allege his own citizenship, or that of Defendants.
(Report and Recommendation [Doc. No. 9] 6, 10-11, Nov. 29, 2010.)
The Middle District recognized that it did not appear from the
complaint that the "citizenship of all Defendants [was] diverse
from that of Plaintiff[.]"  (Id.)

   After Plaintiff's case was transferred from the Middle
District, this Court issued an Opinion and Order on December 19,
2011 with respect to the claims and allegations set forth in
Plaintiff's original complaint [Doc. No. 1].  In addition to the

4

same three counts alleged in the second amended complaint,
Plaintiff's original complaint also set forth a count for
violations of the Clean Air Act.  Based on his claim under the
Clean Air Act, Plaintiff asserted that the Court could exercise
jurisdiction over his federal law claim pursuant to 28 U.S.C. §
1331, and could exercise supplemental jurisdiction over
Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[4]

Recognizing that federal courts have an independent
obligation to address issues of subject matter jurisdiction <u>sua
sponte</u> and may do so at any stage of the litigation, the Court
dismissed Plaintiff's Clean Air Act claim with prejudice finding
that the claim "impermissibly [sought] compensatory and punitive
damages under the Clean Air Act and thus fail[ed] to state a
claim for which federal question jurisdiction exists."[5]
<u>Abuhouran v. Kaiserkane, Inc.</u>, No. 10-6609, 2011 WL 6372208, at
*3, 5 (D.N.J. Dec. 19, 2011) (citations omitted).  After
concluding that federal question jurisdiction was lacking based
on the allegations of Plaintiff's original complaint, the Court
went on to examine Plaintiff's assertion that the Court could

_____

4.  Plaintiff's original complaint simultaneously asserted that
the Court also had jurisdiction over his state law claims based
on diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.  Specifically, the Court found that the Clean Air Act does not
allow for a private right of action for damages based on personal
injuries.  <u>Abuhouran v. Kaiserkane, Inc.</u>, No. 10-6609, 2011 WL
6372208, at *4 (D.N.J. Dec. 19, 2011) (citations omitted).

properly exercise original jurisdiction over his state law claims based on diversity of citizenship jurisdiction.  Id. at *5-6.  Upon a thorough review of the original complaint, the Court found that "Plaintiff's complaint [was] essentially silent as to the citizenship of the parties, and ... [was] subject to dismissal for lack of jurisdiction."  However, rather than dismissing Plaintiff's original complaint outright, the Court, considering Plaintiff's pro se status, ordered Plaintiff to show cause why his remaining state law claims should not be dismissed for lack of subject matter jurisdiction and directed Plaintiff to file an amended complaint within thirty days properly alleging diversity of citizenship.  Id. at *6.

Pursuant to the Court's December 19, 2011 Opinion and Order to Show Cause, Plaintiff filed an amended complaint [Doc. No. 76] on January 3, 2012.  In his amended complaint, Plaintiff asserted that jurisdiction was proper based on diversity of citizenship under Section 1332 and named the following Defendants: KaiserKane, NAR, David Donaldson, Briggs Contracting Services, Inc. ("Briggs"), and Rod Richardson ("Richardson").  (See Pl.'s Am. Compl. [Doc. No. 76] 1, ¶¶ 2-6.)  Upon reviewing Plaintiff's amended complaint for compliance with the Order to Show Cause, the Court concluded that "based on the allegations of the amended complaint, complete diversity of citizenship between the parties [was] lacking, because both Plaintiff and Defendant Briggs

Contracting Services, Inc. [were] citizens of the state of New Jersey[.]" (Order [Doc. No. 77] 2, Jan. 6, 2012.)  Accordingly, the Court found that Plaintiff's amended complaint was also subject to dismissal for lack of jurisdiction.[6]  (Id. at 2-3.)  However, out of an abundance of caution, the Court permitted Plaintiff "an additional opportunity to amend his complaint to properly plead a cause of action within the Court's subject matter jurisdiction prior to dismissing Plaintiff's complaint." (Id. at 3.)  Thus, the Court ordered Plaintiff to file a second amended complaint within thirty days.  (Id.)

In response to the Court's January 6, 2012 Order, Plaintiff filed a second amended complaint [Doc. No. 78] on January 19, 2012.  Plaintiff's second amended complaint properly alleged diversity of citizenship jurisdiction between Plaintiff, a citizen of New Jersey, and the named Defendants: KaiserKane, a citizen of Virginia, NAR, a citizen of North Carolina, and Donaldson, a citizen of North Carolina.[7]  Plaintiff indicates,

---

6.  In so noting, the Court specifically recognized that Plaintiff had not "brought forth a federal claim arising from a violation of his constitutional rights or any other federal statute, nor ha[d] Plaintiff named or served any federal agency, entity, or employee, as a defendant in this action" and that "subject matter jurisdiction pursuant to either 28 U.S.C. §§ 1331, 1332 [was] lacking in this case[.]"  (Id. at 3.)

7.  Plaintiff's second amended complaint does not specifically allege the citizenship of Defendant David Donaldson.  However, in light of the Plaintiff's pro se status, the Court construes the complaint liberally, and for purposes of this motion will assume that Defendant Donaldson, an officer of Defendant NAR, is

however, that he "drop[ped] defendants Briggs Contracting

Services Inc., and Rod Richardson, from this complaint to comply

with complete diversity of [c]itizenship in accordance with 28

U.S.C. § 1332."  (Pl.'s Second Am. Compl. 1.)


**III. <u>DISCUSSION</u>**

    Based on Plaintiff's failure to name Briggs and Richardson

as defendants in the second amended complaint, Defendants NAR and

Donaldson filed the present motion to dismiss the second amended

complaint pursuant to Federal Rule of Civil Procedure 12(b)(7)

for failure to join an indispensable party pursuant to Rule 19,

in which Defendant KaiserKane joins.  Federal Rule of Civil

Procedure 12(b)(7) provides that defendants may move to dismiss a

plaintiff's complaint for "failure to join a party under Rule

19."  FED. R. CIV. P. 12(b)(7).

    "Federal Rule of Civil Procedure 19 specifies the

circumstances in which the joinder of a particular party is

compulsory."  Gen. Refractories Co. v. First State Ins. Co., 500

F.3d 306, 312 (3d Cir. 2007).  As the Third Circuit recently

reiterated, "Rule 19 mandates a two-step process: (1) the court

first must determine whether the absent party is 'necessary'

under Rule 19(a); and (2) if the party is 'necessary' and joinder

is not feasible, then the court must decide whether the party is

_____

similarly a citizen of North Carolina.

'indispensable' under Rule 19(b)."  Tullett Prebon PLC v. BGC Partners, Inc., 427 F. App'x 236, 239 (3d Cir. 2011) (citing Gen. Refractories, 500 F.3d at 312).

If the Court determines that a party is "necessary" under Rule 19(a), that joinder of the party is not feasible[8] because it will defeat subject-matter jurisdiction, and that the party is "indispensable" under Rule 19(b), the action cannot proceed. Gen. Refractories, 500 F.3d at 312; see also Bachner + Co., v. White Rose Food, Inc., No. 09-2640, 2010 WL 1049847, at *2 (D.N.J. Mar. 17, 2010) (noting that "[d]ismissal under Rule 19 generally requires a three step analysis.  First, a court must determine whether it is necessary that the absent party be joined.  Second, a court must see whether it is [feasible] for the absent necessary party to be joined.  Third, if joinder of the absent party is not feasible, a court must evaluate whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.") (citations, internal quotations, and footnotes omitted); Develcom Funding, LLC v. Am. Atl. Co., No 09-1839, 2009 WL 2923064, at *2 (D.N.J. Sept. 9, 2009) (recognizing that "[u]nder Rule 19, if joinder of an unnamed party would defeat federal subject-matter jurisdiction,

---

8.  In circumstances where joinder of a party would defeat diversity of citizenship joinder of that party is considered not feasible.  Gen. Refractories, 500 F.3d at 312.

9

and if the party is deemed both necessary and indispensable to the action, the complaint must be dismissed.") (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)).

In making the determination under Rule 19, the Court may properly consider evidence outside the pleadings.  YSM Realty, Inc. v. Grossbard, No. 10-5987, 2011 WL 735717, at *2 (D.N.J. Feb. 23, 2011) (citing Jurimex Kommerz Transit G.m.b.H. v. Case Corp., 201 F.R.D. 337, 340 (D. Del. 2001), aff'd in relevant part, 65 F. App'x 803 (3d Cir. 2003)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2012) (noting that in resolving motions brought under Rule 12(b)(7) "[t]he district judge is not limited to the pleadings" and may properly consider affidavits submitted in support of the motion or other "relevant extra-pleading evidence").

## IV.  **ANALYSIS**

### A.   **Whether Briggs and Richardson are Necessary Parties**

Rule 19(a)(1) sets forth the standard employed to determine whether it is necessary that an absent party be joined.  The Rule provides in pertinent part that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).  As the Third Circuit has previously explained, the subsections of Rule 19(a) are stated in the disjunctive, and thus, if either subsection is satisfied, the absent party is a necessary party that should be joined if feasible.  Gen. Refractories, 500 F.3d at 312 (citation omitted).

In the present motion, Defendants NAR, Donaldson, and KaiserKane argue that Plaintiff's second amended complaint "must be dismissed because non-parties Briggs Contracting Services, Inc. and Rod Richardson ..., who[] performed the asbestos abatement work that is cause for this litigation, are indispensable parties to this action and [in] the absence of [Briggs and Richardson], complete relief cannot be accorded among the existing parties due to entangled questions of [Briggs' and Richardson's] liability."[9]  (Defs.' Br. [Doc. No. 82-3] 4.)

_____

9.  Although not articulated in great detail, it appears Defendants are arguing that Plaintiff's second amended complaint must be dismissed under Rule 12(b)(7) because: (1) Briggs and Richardson are necessary parties who must be joined in this

According to Defendants, non-parties Briggs and Richardson, "as the parties that performed the actual asbestos abatement with which Plaintiff associates his alleged harm in this action, ... are indispensable parties to this claim." (Id. at 5-6.)  In support of their argument that Briggs and Richardson are both necessary and indispensable, Defendants point to a cross motion for summary judgment that Briggs and Richardson filed in relation to the allegations of Plaintiff's original complaint[10] wherein Briggs and Richardson "acknowledged that they were the parties that performed the asbestos abatement work." (Id. at 6) (citing Cross Mot. for Summ. J. [Doc. No. 67-1] 5).  Based on their substantial role in conducting the asbestos abatement project, Defendants argue that Briggs' and Richardson's "perceived liability is a key issue to this action." (Defs.' Br. [Doc. No. 82-3] 6.)

    In opposition, Plaintiff argues that Briggs[11] is not a

_____

action because without them complete relief cannot be accorded among the existing parties; (2) joinder of Briggs and Richardson, citizens of New Jersey, is not feasible because it would destroy complete diversity and defeat subject matter jurisdiction since Plaintiff is also a citizen of New Jersey, and (3) Briggs and Richardson are indispensable parties to this action.

10.  The Court reiterates that at the time this cross motion for summary judgment was filed, Briggs and Richardson were named as Defendants in Plaintiff's original complaint.

11.  The Court notes that Plaintiff does not make any arguments specifically directed at whether or not Richardson is a necessary party.  However, in light of Plaintiff's pro se status, the Court construes Plaintiff's references to Briggs to also include

necessary party to this action.  (Pl.'s Reply and Opp'n to Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. Under Rule 12(b)(7) [Doc. No. 87] (hereinafter, "Pl.'s Opp'n"), 1.)  Initially, Plaintiff contends that Briggs is "not necessary under the laws of this Circuit" and that Defendants will not suffer any prejudice as a result of the absence of Briggs being named as a Defendant in the second amended complaint because Defendants already cross-claimed against Briggs in their responses.  (Pl.'s Opp'n 2.)  Plaintiff asserts that "[t]he fact that Plaintiff did not include Briggs to sue joint tortfeasors is not a reason to dismiss this action." (Id. at 3.)  Plaintiff appears to argue that the absence of Briggs in this case is irrelevant because "the possibility that contribution and indemnification lawsuits may be looming does not" prevent the case from proceeding, particularly where Defendants filed cross claims against Briggs.  (Id. at 4.) According to Plaintiff, "the real responsible parties in this action" are KaiserKane, the general contractor, and NAR, their subcontractor, and "the fact that NAR sub-subcontracted their work to Briggs does not make Briggs [an] essential party to the case[.]"  (Id.)  Finally, Plaintiff argues that in light of the fact that Briggs was "joined as a third party through NAR's answers to Plaintiff's complaint[,] [Defendants'] motion must be dismissed and sanctions imposed[.]"  (Id. at 5.)

---

Richardson as well.

13

To determine whether Briggs and Richardson are necessary parties, the Court must review the allegations of Plaintiff's second amended complaint.  A careful review of the second amended complaint compared to the first amended complaint demonstrates that Plaintiff's factual allegations in support of his claims against Defendants KaiserKane, NAR, and Donaldson are virtually identical to the factual allegations made in the first amended complaint against Defendants KaiserKane, NAR, Donaldson, Briggs, and Richardson.  (Compare Pl.'s First Am. Compl. ¶¶ 7-36, with Pl.'s Second Am. Compl. ¶¶ 5-34.)  The only substantive difference between the two versions of the complaint, is contained within paragraph thirty-four of the second amended complaint and its corresponding footnote, as compared to paragraph thirty-six of the first amended complaint.

In paragraph thirty-four of the second amended complaint, Plaintiff alleges that "[t]he defendants collectively failed to follow their own contractual obligations in removing and abatement of asbestos at these sites, and further failed to [enforce] the appropriate methods in the removal process." (Pl.'s Second Am. Compl. ¶ 34.)  In a footnote, Plaintiff goes on to assert that:

> [e]ven though the defendant [KaiserKane]
> subcontracted the re-roofing and asbestos abatement
> to North American Roofing Inc., [KaiserKane was]
> still responsible to ensure compliance with Federal
> and State Laws governing the asbestos removal.  The
> same appl[ies] to North American Roofing when they

> sub-contracted the asbestos removal to the local
> contractor Briggs Contracting Services[.] Both
> KaiserKane Inc., and North American Roofing are
> responsible for their failure to supervise[] and
> ensure compliance with Federal and State laws.

(Id. ¶ 34 n.1.)  By comparison, paragraph thirty-six of the first amended complaint alleges that "[t]he defendants failed to follow their contractual obligations in removing and abatement of asbestos.  It was part of their contracts to follow the Federal and State regulations while the[y] removed asbestos material from an occupied building."  (Pl.'s First Am. Compl. ¶ 36.)

This review of Plaintiff's factual allegations makes clear that the large majority directly challenge the propriety of the actions undertaken by non-parties Briggs and Richardson in allegedly violating asbestos removal regulations thereby purportedly exposing Plaintiff to asbestos.  For example, Plaintiff asserts that "all of the violation[s] [of Federal and State laws] occurred during [the] time" when Briggs, as a sub-contractor, performed the asbestos abatement project.  (Pl.'s Second Am. Compl. ¶ 7.)  Plaintiff also alleges that "the defendants failed to utilize the standards of asbestos abatement" by not abiding by general isolation methods, by failing to posit signs, by not performing HEPA vacuuming, and by not disposing of the asbestos related materials within polyethylene dumpsters.  (Id. ¶ 10.)  Plaintiff further asserts that defendants failed to cordon off each work area with caution tape and dangers signs to

15

inform occupants and workers of the removal project.  (Id. ¶ 11.)

These allegations continue, asserting that "the defendants" failed to: provide polyethylene drop clothes; utilize the "wet method" and vacuum cleaners to control dust and debris while the work was performed; provide workers conducting the removal with respirators and protective clothing; erect temporary screens or reinforced plastic sheets to prevent the wind from spreading by-products of the removal to other parts of the building; construct containment areas or set up negative air ventilation and filtration systems; set up a containment unit, as well as a laundry list of other specific failures which allegedly occurred during the asbestos abatement and removal process itself.  (See, e.g., id. ¶¶ 12-15, 17-24, 29.)

Although Plaintiff generalizes that "the defendants" engaged in the conduct set forth above, the second amended complaint demonstrates that nearly all the alleged conduct Plaintiff contends resulted in asbestos exposure relates directly to the actual process of physically removing the asbestos — a function that was, as all parties admit, performed by Briggs and Richardson.  All of the alleged violations of state and federal law purportedly occurred during the removal and abatement process as conducted by Briggs and Richardson.  To the extent Plaintiff alleges that Defendants KaiserKane, NAR, and Donaldson are liable for injuries resulting from his alleged asbestos exposure, the

16

only theory of liability set forth in the second amended
complaint is a claim against these Defendants for their alleged
negligence in failing to properly supervise the manner and method
in which Briggs and Richardson completed the actual asbestos
abatement project.

Here, Plaintiff essentially seeks to recover for the alleged
negligence of both the named Defendants and non-parties Briggs
and Richardson.  However, with respect to Defendants KaiserKane,
NAR, and Donaldson, the second amended complaint asserts
negligence only for these Defendants' purported failure to
properly supervise the conduct of the non-parties.  The second
amended complaint clearly demonstrates, and the parties do not
dispute, that it was the non-parties, Briggs and Richardson — not
the named Defendants — who engaged in the allegedly negligent
actions that Plaintiff claims resulted in his exposure to
asbestos by performing the abatement and removal.  Under these
circumstances, any finding of negligence on the part of the named
Defendants for their failure to supervise the work of Briggs and
Richardson would necessarily be predicated upon an initial
determination of negligence on the part of these non-parties.

Under Rule 19(a)(1), parties are considered necessary if the
Court cannot accord complete relief among existing parties in
their absence or the absent party's interest in the subject of
the action may be impaired or impeded if the action is disposed

17

of in their absence.  In this case, the Court finds that Briggs and Richardson are necessary parties because in their absence the Court cannot accord complete relief among the existing parties.

With regard to awarding complete relief to the parties presently before the Court, New Jersey's Comparative Negligence Act[12] "imposes joint and several liability only on tortfeasors who are '60% or more responsible for the total damages.' ... Thus, a tortfeasor who is found to be 'less than 60% responsible for the total damages' is only responsible for the 'damages directly attributable' to that tortfeasor." Amboy Bancorporation v. Bank Advisory Group, Inc., 432 F. App'x 102, 112 (3d Cir. 2011) (citing N.J. STAT. ANN. § 2A:15-5.3).  In environmental tort actions such as this,[13] the Act further provides that "the party so recovering [] may recover the full amount of the compensatory damage award from any party determined to be liable, *except in*

---

12.  The parties do not dispute that New Jersey law governs the claims alleged in this case to the extent the exercise of diversity of citizenship jurisdiction is proper.

13.  The Appellate Division of the New Jersey Superior Court previously held that asbestos related litigation seeking damages for personal injury or death qualify as environmental tort actions within the meaning of the Comparative Negligence Act. See Stevenson v. Keene Corp., 603 A.2d 521, 527-28 (N.J. Super. Ct. App. Div. 1992) (recognizing that "exposure to asbestos caused by negligent manufacture, use, disposal, handling, storage and treatment with resulting injury is a 'tort against the environment,' ... involving a hazardous and toxic substance" such that "asbestos tort litigation [is excepted] from the joint and several liability modifications" to the Comparative Negligence Act) (citation omitted).

*cases where the extent of negligence or fault can be apportioned.*"  N.J. STAT. ANN. § 2A:15-5.3(d)(1) (emphasis added).

Although in some environmental tort cases it may prove difficult to apportion the extent of negligence or fault between parties, that is not the circumstance here.  Based on the allegations of the second amended complaint, because it was non-parties Briggs and Richardson who actually engaged in physically removing the asbestos at FCI-Fort Dix, the potential exists that negligence or fault could be apportioned between those involved.  For example, even assuming a jury concluded that the named Defendants were negligent in supervising the work of Briggs and Richardson, a jury could also conclude that any purported negligence by Defendants KaiserKane, NAR, and Donaldson resulted in less than sixty percent (60%) of Plaintiff's total damages as compared to the alleged negligence by Briggs and Richardson.  In these particular circumstances then, Plaintiff might not be able to recover the full extent of his alleged damages from the parties presently named as Defendants.  Thus, there exists a very distinct likelihood that complete relief cannot be accorded among those already party to this action in the absence of Briggs and Richardson.[14]  Accordingly, Briggs and Richardson are necessary

---

14.  Plaintiff seemingly acknowledges the necessity of Briggs and Richardson as parties to this action, and it should be noted again that Plaintiff specifically concedes that Briggs and Richardson were intentionally dropped as named Defendants from the first amended complaint to the second amended complaint in

parties to this action.[15]

**B.    Whether Joinder of Briggs and Richardson is Feasible**

Having determined that Briggs and Richardson are necessary parties under Rule 19(a), the Court must now consider whether the joinder of these non-parties is feasible in this case.  Here, the Court's exercise of jurisdiction is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  "In order for a federal court to have jurisdiction in a diversity suit, complete diversity of citizenship must exist." Dickson v. Murphy, 202 F. App'x 578, 581 (3d Cir. 2006).  Moreover, "[c]omplete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

As alleged in the second amended complaint, Plaintiff is a

---

order to ensure that diversity of citizenship existed in this case.

15.  Additionally, the Court also finds that Briggs and Richardson are necessary parties to this action because their interests may be impaired or impeded if the action is disposed of in their absence.  As the Court previously recognized, any finding of negligence on the part of the named Defendants for their failure to supervise the work of Briggs and Richardson would necessarily be predicated upon an initial determination of negligence on the part of these non-parties.  If Briggs and Richardson are absent from this suit, they will be unable to defend against Plaintiff's claims while the named Defendants are likely to argue that all of Plaintiff's alleged injuries and damages stem solely and directly from the actions of these non-parties.  Thus, these non-parties are necessary to this action as proceeding without them could impede or impair their interests.

citizen of the state of New Jersey.  (Pl.'s Second Am. Compl. 2.)
As alleged in the first amended complaint, Briggs and Richardson
are also citizens of the state of New Jersey.  (Pl.'s Am. Compl.
4.)  Complete diversity between Plaintiff and these necessary
parties is thus lacking.  Therefore, the joinder of Briggs and
Richardson as necessary parties to this action would destroy
complete diversity between the parties and thus deprive the Court
of subject matter jurisdiction.  Accordingly, the Court finds
that joinder of these non-parties is not feasible in this case.
See Gen. Refractories, 500 F.3d at 312 (noting that "joinder is
not feasible [where] ... it would defeat diversity of
citizenship").

### C.   Whether Briggs and Richardson are Indispensable Parties

Because the joinder of these necessary parties is not
feasible, the Court must now determine whether the absent
parties, Briggs and Richardson, are indispensable under Rule
19(b).  Rule 19(b) provides in pertinent part:

> If a person who is required to be joined if
> feasible cannot be joined, the court must determine
> whether, in equity and good conscience, the action
> should proceed among the existing parties or should
> be dismissed. The factors for the court to consider
> include:
> (1)   the extent to which a judgment rendered
>       in the person's absence might prejudice
>       that person or the existing parties;
> (2)   the extent to which any prejudice could
>       be lessened or avoided by: (A) protective
>       provisions in the judgment; (B) shaping
>       the relief; or (C) other measures;
> (3)   whether a judgment rendered in the

person's absence would be adequate; and

(4)   whether the plaintiff would have an
      adequate remedy if the action were
      dismissed for nonjoinder.

As the Third Circuit has noted, "[t]his is not an exhaustive list

of factors that can be considered, but they are the most

important factors." Dickson, 202 F. App'x at 581 (citing

Gardiner v. V.I. Water & Power Auth., 145 F.3d 635, 640–41 (3d

Cir. 1998)).  If an analysis of the factors outlined in Rule

19(b) results in a determination that the absent party must be

considered indispensable, "the action cannot go forward."

Tullett Prebon, 427 F. App'x at 239 (citing Gen. Refractories,

500 F.3d at 312).

In considering the extent to which a judgment rendered in

the non-party's absence might prejudice that person or the

existing parties, the Third Circuit has concluded that "the

analysis under this factor 'overlaps considerably with the Rule

19(a) analysis.'" Dickson, 202 F. App'x at 582 (citing Gardiner,

145 F.3d at 641 n.4 (3d Cir. 1998)).  Here, the first factor

favors dismissal of Plaintiff's second amended complaint because,

as the Court set forth above, a judgment rendered in this action

could prejudice Briggs and Richardson because any finding of

negligence on the part of the named Defendants for their failure

to supervise the work of Briggs and Richardson would necessarily

be predicated upon an initial determination of negligence on the

part of these non-parties.  This case necessarily calls for a

22

determination of the propriety of the work conducted by Briggs and Richardson and whether it violated any state or federal laws or regulations, and a disposition of this case in their absence could prejudice their rights to defend such claims.

The second and third factors similarly weigh in favor of dismissal.  Taking these factors in reverse order, as the Court noted <u>supra</u>, a very real likelihood exists here that under New Jersey's Comparative Negligence Act any judgment obtained by Plaintiff in the absence of Briggs and Richardson may result in an award that is inadequate for Plaintiff.  If a jury were to conclude that the named Defendants were less than sixty-percent responsible for Plaintiff's alleged injuries, those Defendants would only be required to pay that portion of damages for which they were responsible.  To the extent that Briggs and Richardson were responsible for any remaining portion of Plaintiff's alleged damages, such an award could not be made unless Briggs and Richardson were parties in the case.

Moreover, the Court is not convinced that protective provisions in the judgment or any other measures for shaping the relief in this case could sufficiently protect Briggs' and Richardson's interests if the case proceeds in their absence. This is particularly true where a finding of negligence against the named Defendants requires an initial finding of negligence against these non-parties regarding the nature of the worked they

23

conducted at FCI-Fort Dix.  Finally, as to the fourth factor,

Plaintiff has not asserted an adequate reason why his state law

claims cannot be fully vindicated in state court in New Jersey

now that his federal claim has been dismissed and where the

joinder of these necessary parties will destroy this Court's

subject matter jurisdiction.[16]  As a result, the factors outlined

in Rule 19(b) demonstrate that Briggs and Richardson are

indispensable in this case.

Accordingly, the Court finds, in short, that the non-joined

parties, Briggs and Richardson, are both necessary and

indispensable in this case.  As their non-diverse citizenship

_____

16.  None of the parties have addressed the issue of whether
Plaintiff could timely bring his claims in New Jersey state court
under the applicable statutes of limitations and the Court
expresses no opinion in that regard.
     However, New Jersey case law suggests that even if Plaintiff
files an untimely complaint asserting the same claims in state
court after dismissal of this federal action and Defendants
attempt to raise the statute of limitations as a defense, a New
Jersey court may likely consider the doctrines of equitable
tolling and substantial compliance to determine whether the
statute of limitations should be tolled based on the filing of a
claim against the defendants in another jurisdiction.  See
Schmidt v. Celgene Corp., 42 A.3d 892, 897 (N.J. Super. Ct. App.
Div. 2012).  As the Appellate Division succinctly explained in
Schmidt, New Jersey "courts have applied these doctrines to
excuse an untimely filing in New Jersey where the plaintiff has
filed a timely claim in a federal court ... that was dismissed by
that court for lack of jurisdiction and followed by a prompt
filing in New Jersey."  42 A.3d at 897-98 (citing cases).

renders it impossible for them to be joined, the Court must grant Defendants' motion and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(7).  However, this dismissal is without prejudice.  See,e.g., Guthrie Clinic, Ltd. v. Travelers Indem. Co., 104 F. App'x 218, 221 (3d Cir. 2004) ("Accordingly, a finding of indispensability under Rule 19(b) necessitates dismissal for lack of subject matter jurisdiction."); Haagensen v. Supreme Court of Pa., 390 F. App'x 94, 97 n.7 (3d Cir. 2010) ("A dismissal, 'except one for lack of jurisdiction, improper venue, or *failure to join a party under Rule 19*' constitutes an 'adjudication on the merits.'") (citations omitted).

### D.   KaiserKane's Motion for Summary Judgment

Also pending before the Court is a motion [Doc. No. 83] for summary judgment by KaiserKane against Defendant NAR for approximately $14,728.18 in legal fees and expenses incurred by KaiserKane based upon NAR's alleged failure and refusal to assume KaiserKane's defense against Plaintiff's claims and to indemnify KaiserKane for its attorneys' fees pursuant to the subcontract between KaiserKane and NAR.  In opposing this motion, Defendant NAR argues that: (1) KaiserKane cannot bring a cause of action for indemnity in this jurisdiction pursuant to the plain language of the parties' subcontract; (2) the motion for summary judgment is premature because open questions remain as to KaiserKane's role in supervising the asbestos abatement project and whether

25

KaiserKane was negligent; (3) KaiserKane has not yet asserted any cross-claims against NAR because KaiserKane failed to file an answer and cross-claims in response to Plaintiff's second amended complaint, which supersedes both Plaintiff's original and first amended complaints, nor did KaiserKane indicate their intent to adopt their original Answer and cross-claims in response to the amended pleadings; and (4) the motion is premature because the Court has not made any findings regarding whether Plaintiff suffered "bodily injury" based on NAR "negligence" as defined by the parties' subcontract.

Here, because Plaintiff's second amended complaint has been dismissed for lack of subject matter jurisdiction based on a finding of indispensability under Rule 19(b), the Court similarly lacks jurisdiction to decide KaiserKane's motion for summary judgment as to NAR on the merits.  Accordingly, KaiserKane's motion is dismissed without prejudice.


**V.   <u>CONCLUSION</u>**

For the foregoing reasons, Defendants' motion [Doc. No. 82] to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19 is granted, and Plaintiff's second amended complaint is dismissed without prejudice in its entirety. Similarly, Defendant KaiserKane's motion [Doc. No. 83] seeking

summary judgment against Defendant NAR is dismissed without
prejudice.  An Order consistent with this Opinion will be
entered.


Dated: September 12, 2012          /s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.